David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Alina Goncharova, Esq. (SBN 329974)
agoncharova@ohaganmeyer.com
Millicent Wong, Esq. (SBN 366897)
mwong@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:   (949) 942-8500
Facsimile:   (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIOS, an individual, | CASE NO. 2:25-cv-03079-JAM-CKD |
| Plaintiff, | Senior United States District Judge: John A. Mendez |
| vs. | |
| WALMART, INC.; and DOES 1 TO 50, inclusive, | **STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER** |
| Defendants. | |

The parties hereto stipulate to the following protective order:

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

## 2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and respective counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced by a party to this action or generated by a Party to this action in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that concern Walmart Inc., may include but are not limited to, personnel files of Walmart's employees, seminar material, instruction manuals, business operation plans, practice, policy and procedure guidelines, and other documentation, records, and reports dealing with or relating to Walmart Inc.'s corporate practices.  Likewise, "confidential" information or items may include, but is not limited to, medical or psychological records

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

pertaining to Plaintiff.

2.4    OMITTED

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-Party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" but shall not include those same materials or other materials that are lawfully obtained from a source other than a Party to this action. A Party, however, may apply to the above-titled Court to designate as Protected Material any information or materials lawfully obtained from a source other than a Party to this action.

2.9    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

3

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

their employees and subcontractors.

2.11 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the latter of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

4

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on the face of the document of each page that contains protected material. If only a portion or portions of the material on a page qualifies

5

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (i.e. "CONFIDENTIAL").  A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL".

When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is

6

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

concluded) a right to have up to 10 (ten) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted (i.e. "CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated for protection within the 10 (ten) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-Party offering or sponsoring the witness or presenting the testimony. The Designating Party of any such material shall bear any additional court reporter fees or costs that are caused by the designation.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying "Confidential".

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.   In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.   Each such motion must be accompanied by a competent declaration that affirms that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

the information for this litigation;

(b)    the employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  The party designating any material in the deposition "CONFIDENTIAL" shall bear any additional court reporter fees or costs that are caused by the designation;

(g)    mediators jointly retained by all parties to assist in case resolution;

(h)    the author of the document or the original source of the information.

## 8.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by facsimile, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the appropriate court. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

11

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party, Protected Material shall be filed pursuant to Local Rule 141(e).

## 11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

## 12.    MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3      Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

///

///

///

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

12.4   Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

**IT IS SO STIPULATED BY AND BETWEEN THE PARTIES THROUGH THEIR COUNSEL OF RECORD:**

Dated: _____, 2026    By: _____
                                            Allan L. Dollison, Esq.
                                            LAW OFFICES OF JOHN C. YE
                                            *Counsel for Plaintiff*

Dated: _____, 2026    By: _____
                                            David Davidson, Esq.
                                            Alina Goncharova, Esq.
                                            Millicent Wong, Esq.
                                            O'HAGAN MEYER LLP
                                            *Counsel for Defendant*

### ORDER

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order with the additional clarification and order that once this action is closed, the Court will not retain jurisdiction over enforcement of the terms of this discovery protective order. *See* LR 141.1(f).

Dated:  April 28, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7 rios 25cv3079

14
**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order agreed upon by the parties in the action styled *MARTHA RIOS v. WALMART, INC., and DOES 1 to 50, inclusive; Eastern District of California, U.S. District Court Case No. 2:25-cv-03079-JAM-CKD*.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order unless and until modified by any court Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the courts in and for the state of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Print Name: _____

Signature: _____

15

**STIPULATED PROTECTIVE ORDER AND PROPOSED ORDER**